1  **WO**                                                                                  HJ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Richard A. Rejnert and Kim Rejnert,)   No. CV 06-1700-PHX-EHC
husband and wife, married Arizona)
residents,                         )   **ORDER**
                                   )
           Plaintiffs,             )
                                   )
vs.                                )
                                   )
Vishay Americas, Inc.,             )
                                   )
           Defendant.              )
                                   )
_____)

Plaintiff Richard Rejner and his wife Kim Rejner, filed this action against Mr. Rejnert's former employer, Vishay Americas, Inc. The Complaint contains six counts: (1) Breach of Contract; (2) Breach of Covenant of Good Faith and Fair Dealing; (3) Negligent Misrepresentation; (4) Negligence, Wrongful Termination; (5) Failure to Comply with Arizona Wage Laws; and (6) Promissory Estoppel. (Dkt. 1). The parties engaged in discovery, and at the close of discovery, Defendant brought the instant Motion for Summary Judgment (Dkt. 30) on all of Plaintiffs' claims. Plaintiffs filed a Response (Dkt. 32) and Defendant filed a Reply (Dkt. 35). The Court finds this matter suitable for decision without oral argument.

Plaintiffs' Response fails to comply with the Local Rules of Civil Procedure, and does not raise any material issue of triable fact. Specifically, Plaintiffs' Objections (Dkt. 33) to Defendant's statement of facts does not set forth correspondingly numbered paragraphs nor

1 does it direct the court to specific admissible portions of the record supporting their position.[1]
2 See Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) (the non-moving party must
3 "identify with reasonable particularity the evidence that precludes summary judgment[]" and
4 is not a district court's task to "scour the record in search of a genuine issue of triable fact")
5 (quoting Richards v. Combined Ins. Co., 55 F.3d 247, 251 (7th Cir. 1995).  Plaintiffs rely
6 almost entirely on an Affidavit of Richard Rejnert, which contradicts Mr. Rejnert's own
7 deposition testimony.  Plaintiffs may not raise a genuine issue by offering an affidavit that
8 contradicts prior deposition testimony.  See Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262,
9 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an
10 issue of fact by an affidavit contradicting his prior deposition testimony.").  Thus, the Court
11 deems Defendant's Separate Statement of Facts in Support of its Motion for Summary
12 Judgment (Dkt. 31) admitted for the purposes of this motion, and incorporates the same
13 herein.

14      The Court has also considered both parties' briefs and the relevant law and hereby
15 adopts the legal analysis provided in Defendant's Memorandum of Points and Authorities

---

[1] Local Rule 56.1 (2007) provides:

> Any party opposing a motion for summary judgment shall file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact shall be set forth in a separately numbered paragraph and shall refer to a specific admissible portion of the record where the fact finds support. ***Each numbered paragraph of the statement of facts set forth in the moving party's separate statement of facts shall, unless otherwise ordered, be deemed admitted for purposes of the motion for summary judgment if not specifically controverted by a correspondingly numbered paragraph in the opposing party's separate statement of facts.***

L.R.Civ. 56.1 (2007) (emphasis added).

1   (Dkt. 30) and Defendant's Reply (Dkt. 35).  Even viewing the underlying facts and the
2   inferences to be drawn from those facts in the light most favorable to Plaintiffs, the Court
3   cannot find a material issue for trial.  See Matsushita Elec. Co. v. Zenith Radio Corp., 475
4   U.S. 574, 587 (1986).  Because Plaintiffs will bear the burden of proof at trial as the essential
5   elements of their claims, and have failed to adduce evidence establishing a genuine issue of
6   material fact with respect to the existence of those elements, summary judgment is
7   appropriate.[2]  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
8   //
9   //
10  //
11  //

---

[2] Summary judgment is appropriate "when there is no genuine issue of material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In determining whether to grant summary judgment, a district court must view the underlying facts and the inferences to be drawn from those facts in the light most favorable to the nonmoving party.  See Matsushita Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  If a party will bear the burden of proof at trial as to an element essential to its claim, and fails to adduce evidence establishing a genuine issue of material fact with respect to the existence of that element, then summary judgment is appropriate.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Not every factual dispute is capable of defeating a properly supported motion for summary judgment.  Rather, the party opposing the motion must show that there is a genuine issue of material fact.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  A factual dispute is genuine if the evidence is such that a rational trier of fact could resolve the dispute in favor of the nonmoving party.  Anderson, 477 U.S. at 248.  A fact is material if determination of the issue might affect the outcome of the case under the governing substantive law.  Anderson, 477 U.S. at 248.  Thus, a party opposing a motion for summary judgment cannot rest upon bare allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue for trial.  See Anderson, 477 U.S. at 250.  If the nonmoving party's evidence is merely colorable or not significantly probative, a court may grant summary judgment.  See Anderson, 477 U.S. at 249; see also Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, 818 F.2d 1466, 1468 (9th Cir. 1987).

Accordingly,

**IT IS ORDERED** granting Defendant's Motion for Summary Judgment (Dkt. 30).

DATED this 27th day of March, 2008.

_____
Earl H. Carroll
United States District Judge

- 4 -